UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VALERIE BUFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00157-SEB-TAB |
| | ) | |
| COMMISSIONER, INDIANA DEPART- | ) | |
| MENT OF CORRECTION, in his official | ) | |
| capacity; JOHN DOE, in his individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT AND STATEMENT OF AFFIRMATIVE DEFENSES

**The Indiana Department of Correction Commissioner states the following in answer to Valerie Buford's Complaint:**

1.    Paragraph 1 violates Federal Rule of Civil Procedure 10 because it presents several issues, thoughts, and arguments. The Commissioner denies the last two sentences of paragraph 1 and is without sufficient information or knowledge to admit or deny the additional allegations in paragraph 1.

2.    This allegation is a legal conclusion to which no factual response is required. It is denied to the extent any factual response is required.

3.      This allegation is a legal conclusion to which no factual response is required. It is denied to the extent any factual response is required, and the Commissioner specifically denies that venue is proper.

4.      This allegation is a legal conclusion to which no factual response is required. It is denied to the extent any factual response is required.

5.      This allegation is a legal conclusion to which no factual response is required. It is denied to the extent any factual response is required. The Commissioner specifically denies that Ms. Buford is entitled to any relief or that the Commissioner has deprived her of any rights secured by the United States Constitution.

6.      After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

7.      This allegation is a legal conclusion to which no factual response is required.

8.      After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

9.      The Commissioner admits Leon Benson is incarcerated at the Pendleton Correctional Facility.

10.     The Commissioner admits Leon Benson was convicted of murder and carrying a handgun without a license, and that he has unsuccessfully challenged his conviction.

11.     Admit.

12. Admit.

13. Deny.

14. Admit.

15. Denied to the extent Ms. Buford asserts she is not now approved to receive and communication with Mr. Benson by way of video kiosk services.

16. The Commissioner admits that the various listed websites are on the internet but denies any suggestion that Mr. Benson is innocent of the crimes for which he was convicted.

17. After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

18. The Commissioner admits that Mr. Benson has unsuccessfully challenged his conviction.

19. The Commissioner admits Mr. Benson composed and transmitted a videogram approved for receipt by Ms. Buford.

20. The videogram speaks for itself.

21. The directive speaks for itself.

22. Ms. Buford's Facebook page speaks for itself.

23. After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

24.     The Commissioner admits Mr. Benson was disciplined for "Group Demonstration."

25.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

26.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

27.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

28.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

29.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

30.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

31.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

32.     Deny.

33.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

34.     After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied.

35.    Deny.

36.    After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied. Furthermore, the Commissioner denies that any "fear" that Ms. Buford has that she or her brother "will be punished for [] expressive activities" is reasonable.

37.    Deny.

38.    The Commissioner admits that Ms. Buford has been and remains able to exchange written communication with Mr. Benson.

39.    After reasonable investigation, the Commissioner is without sufficient knowledge to admit or deny this allegation; therefore, it is denied. The Commissioner specifically denies that either Ms. Buford or Mr. Benson is subject to punishment by the Department of Correction for lawful activities.

40.    Deny.

41.    Deny.

42.    Deny.

43.    Deny.

44.    Deny.

45.    Deny.

46.    Deny.

**<u>GENERAL DENIAL</u>**

The Commissioner denies all allegations in the complaint not specifically denied above.

## **AFFIRMATIVE DEFENSES**

1.     The complaint fails to state a claim on which relief may be granted.

2.     Ms. Buford lacks standing, and this matter is not ripe.

3.     This matter is moot.

4.     Ms. Buford's complaint is barred by the Eleventh Amendment and by the doctrine of sovereign immunity.

5.     Ms. Buford has not named a person who may be sued under 42 U.S.C. § 1983.

6.     Ms. Buford's complaint should be dismissed because the Commissioner has at all times acted in compliance with the U.S. Constitution and his actions have not violated or infringed on any of Ms. Buford's constitutional rights.

7.     Ms. Buford's complaint should be dismissed for failure to exhaust administrative remedies.

8.     Ms. Buford's complaint should be dismissed because she has suffered no harm.

9.     Ms. Buford's complaint should be dismissed for failure to join necessary parties.

10.     Ms. Buford consented to the alleged actions which now form the basis of his lawsuit.

11.     The plaintiff failed to mitigate damages.

12.     Ms. Buford failed to abide by contract provisions including mandated arbitration.

13.     Venue is improper.

14.     The Commissioner reserves the right to amend his answer and raise any further defenses that may arise during the course of litigation.

Respectfully submitted,

GREGORY F. ZOELLER
Indiana Attorney General
Attorney No. 1958-98

Date:  March 30, 2015          By:  *s/ Jefferson Garn*
                                    Jefferson S. Garn
                                    Deputy Attorney General
                                    Attorney No. 29921-49

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone:  (317) 232-6292
Fax:  (317) 232-7979
Email:  jefferson.garn@atg.in.gov

## CERTIFICATE OF SERVICE

I certify that on March 30, 2015, a copy of this ***Answer and Affirmative Defenses*** was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org


Kelly R. Eskew
ACLU OF INDIANA
keskew@aclu-in.org


*s/ Jefferson S. Garn*
Jefferson S. Garn
Deputy Attorney General
*Counsel on behalf of Defendants*


OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone:  (317) 232-6292
Fax:  (317) 232-7979
Email:  jefferson.garn@atg.in.gov