UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VALERIE BUFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00157-SEB-TAB |
| | ) | |
| COMMISSIONER, INDIANA | ) | |
| DEPARTMENT OF CORRECTION, in his | ) | |
| official capacity; JOHN DOE, in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PRELIMINARY INJUNCTION ORDER

This matter is before the Court on the request for a preliminary injunction filed by the plaintiff, Valerie Buford. After briefing, the parties have agreed to certain conditions and, in light of that agreement, the Court finds the following:

1.      Ms. Buford filed her complaint  on February 5, 2015, seeking declaratory and injunctive relief and damages.

2.      Ms. Buford subsequently moved this Court to enjoin the defendants to immediately reinstate her JPay access with her incarcerated brother, and enjoin the defendants from interfering with future access to her brother because of any internet postings or other public dissemination of information that she receives from him or because of any other lawful advocacy she takes on his behalf. *Motion for Preliminary Injunction*, Dkt. 8.

3.      The Department of Correction reinstated Ms. Buford's access to JPay services. Further, due to certain technological enhancements implemented for JPay

video services, the only relief Ms. Buford still seeks through a preliminary injunction is for this Court to enjoin the Department of Correction from punishing or otherwise interfering with Ms. Buford solely because she publicly posts email messages received from her brother through JPay. *Reply Memorandum in Support of Motion for Preliminary Injunction*, Dkt. 20.

4.      The Commissioner does not admit to any of Ms. Buford's allegations. During the pendency of this lawsuit, however, the Commissioner or staff of the Department of Correction will not take any action against Ms. Buford solely because she publicly posts email messages received from her brother through JPay.

5.      This agreement does not limit JPay or any other service provider from exercising any rights that the provider may have.

The Court, having considered the parties' agreement, **ORDERS** that the Commissioner and Department of Correction staff are **ENJOINED** from taking any action against Ms. Buford solely because she posts publicly any email messages received from her brother through JPay.

SO ORDERED.

05/27/2015

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Service of this order will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

2